MAJEHNS, DEMANDANTE Y APELANTE *v.* PADÍN, DEMANDADO Y APELADO.

APELACIÓN procedente de la Corte de Distrito de San Juan, Sección Primera, en pleito sobre confesoria de servidumbre.

No. 1995.—Resuelto en marzo 30, 1920.

SERVIDUMBRE DE LUCES Y VISTAS—REIVINDICACIÓN—ACCIONES COMPATIBLES.—El hecho de que un demandante tenga establecida ante otra corte una acción para reivindicar cierta faja de terreno donde alega que el demandado tiene construído parte de uno de los muros de su casa, no le impide establecer otra acción encaminada a obtener el cierre de ciertas ventanas abiertas en un muro de la propia casa del mismo demandado, que se levanta dentro del solar perteneciente al demandado.

Los hechos están expresados en la opinión.

Abogado del apelante: *Sr. F. Soto Gras.*

Abogado del apelado: *Sr. A. Agosto.*

EL JUEZ ASOCIADO SR. DEL TORO, emitió la opinión del tribunal.

Se trata de un recurso de apelación interpuesto contra una sentencia de la Corte de Distrito de San Juan, Sección Primera, que declaró sin lugar la demanda interpuesta por

Simeón Majenhs contra Joaquín Padín sobre acción confesoria de servidumbre.

Majenhs alegó que era dueño de una finca urbana solar y casa, situada en el barrio de Puerta de Tierra, de la ciudad de San Juan, colindando con otra finca urbana, casa y solar, del demandado; que la casa del demandado constaba de una planta baja y otra alta, construídas de cemento, y medía veinte metros de frente por diez y siete de fondo, y que en dicha casa, en la pared que colinda con el demandante, el demandado tenía abiertas diez ventanas con luces y vistas directas sobre el inmueble del demandante, a pesar de que dicha pared distaba menos de dos metros del solar del demandante, habiéndose negado el demandado a cerrar las ventanas mencionadas no obstante haber sido requerido para ello por el demandante.

Contestó el demandado la demanda, alegando, entre otras, la siguiente defensa:

"*Segunda.*—Este demandado también alega, que ante la Corte Municipal del Distrito Judicial Municipal de San Juan, P. R., que es una corte de jurisdicción limitada, se sigue actualmente bajo el No. 6159 un pleito por el propio demandante arriba mencionado contra este demandado, en el que ejercita la acción reivindicatoria, reclamando como suya la faja de terreno donde se encuentra edificada la pared de cemento, en la que están abiertas las 10 ventanas que dicho demandante Simeón Majenhs trata de cerrar por este pleito; y este demandado alega que dichos hechos son un impedimento (*sloppel*) para que dicho demandante pueda también ejercitar esta acción."

Fué el pleito a juicio. Se practicó la prueba y la corte, como hemos dicho, declaró sin lugar la demanda. La corte no analizó la prueba a los efectos de resolver el pleito en su fondo, limitándose a apreciar la existencia de la defensa del demandado que dejamos transcrita, y a este respecto se expresó, en su opinión, así:

"El demandante Simeón Majenhs ha puesto en litigio la propiedad de un pedazo de terreno que él dice ser suyo y estar deten-

tado por Joaquín Padín; ese terreno, alega el demandante, es parte del solar de 378 metros cuadrados que él compró. En su demanda ante la Corte Municipal de San Juan, alega Majenhs que Padín ha construído un edificio del que forma parte una pared de cemento que se encuentra sobre la faja de terreno que el demandante alega ha sido detentado por Padín. En esta pared se hallan (y de esto no tiene duda la corte) las ventanas que ahora, en este caso, se pide sean cerradas. Pero en su demanda ante esta Corte sostiene el de- mandante Majenhs que Padín, *en su finca propia,* ha construído un edificio, en una de cuyas paredes se han abierto las ventanas cuyo cierre definitivo se pide. La situación que se crea el mismo deman- dante, con estas afirmaciones incompatibles, es extraña. La corte no podría seguir al demandante en esa situación, viéndolo ahora afirmar, en cuanto al terreno en que está la pared con las ventanas, algo distinto de lo que afirma en su demanda ejercitando la acción reivindicatoria. Ni puede la corte en un pleito sobre servidumbre, decidir por incidencia la cuestión de propiedad de una faja de te- rreno, cuestión sometida a otra corte por el mismo demandante.

"Y mientras esa cuestión de propiedad es pendiente en otra corte, ésta no puede decir que el demandante Majenhs haya probado la propiedad del solar de 378 metros cuadrados que como suyo alega; y falta la base primera para ejercitar la acción que Majenhs ha promovido en este caso.

"Tal como, por los actos del demandante, ha quedado la situa- ción de las fincas, no es posible que la corte dé por probado que, en todo caso, las ventanas o huecos a que la demanda se refiere, se hayan abierto sin respetar la distancia de que habla el artículo 589 del Código Civil de Puerto Rico.

"Los preceptos legales aplicables al caso, son los artículos 536, 543, 588 y 589 del Código Civil de Puerto Rico. Y la doctrina legal, la de sentencia de la Corte Suprema de Puerto Rico en 18 de oc- tubre de 1912, caso *Díaz* v. *Guerra,* 18 D. P. R. 819, y la del Tri- bunal Supremo de España, de fecha 27 de marzo de 1895; en esta última se declara que la acción negatoria de servidumbre solo com- pete al que por título legal pertenezca la finca sobre la que se pre- tenda imponer un gravamen a favor de otra finca o persona. Y en la de nuestra Corte Suprema se hace una declaración esencial- mente idéntica.

Debe desestimarse la demanda, declarándose sin lugar, e imponerse las costas al demandante. Así lo ordena la corte, en méritos de esta opinión.''

Hemos estudiado cuidadosamente las alegaciones y las pruebas y estamos conformes con el apelante en que la corte de distrito erró al desestimar la demanda por el motivo indicado.

A nuestro juicio pueden subsistir independientemente el pleito iniciado en la corte municipal y el entablado en la corte de distrito.

Es cierto que en la corte municipal el demandante reclama del demandado la propiedad de una faja de terreno de 32 metros y 13 centímetros cuadrados, alegando que en esa faja el demandado levantó una pared y una cerca, pero se especifica que fué una pared de siete metros y 65 centímetros de extensión que era *parte* de un edificio, y si se compara esa descripción con la del edificio, que contienen tanto la demanda de la corte municipal como la de la corte de distrito, se verá que restan cerca de diez metros al edificio por su fondo, en cuyos diez metros están las ventanas cuyo cierre se solicita por la demanda entablada en la corte de distrito.

Y que esto es así, resulta de la prueba testifical presentada. El ingeniero Ferrer practicó una mensura del terreno y afirmó bajo juramento en el juicio que el solar del demandante "colinda con el muro en el cual están abiertas las ventanas", coincidiendo la línea divisoria precisamente con la cara este del muro de la casa del demandado, *cuya casa tiene otro cuerpo posterior, estando las ventanas en la parte delantera,* y dijo además el perito que le faltaba al demandante una faja de un metro 53 centímetros de ancho en todo el fondo de su solar. Y el demandante, declarando como su propio testigo, bajo juramento, en el acto de la vista, aclaró que sobre los metros de terreno que le faltaban había edificado "un pedazo de casa y a la parte de alante una verja", existiendo en ese pedazo edificado solo unos huecos, estando las ventanas en la parte del fondo más cercana al frente.

Siendo ello así, es claro que la corte erró al desestimar

la demanda.   Aquí el demandante ejercita su acción únicamente para el cierre de ciertas ventanas con luces directas
a su finca, que están abiertas en el muro del edificio del demandado que se levanta en el límite de su solar que colinda
con el del demandante.   En el pleito seguido en la corte mucipal el demandante reclama la propiedad de una faja de
terreno ocupada por el demandado con una parte de su edificio de unos siete metros y con una cerca.   Ambos pleitos
pueden, pues, subsistir independientemente.

Ahora bien, como la corte de distrito no apreció la prueba
a los efectos de decidir la cuestión envuelta en su fondo,
creemos que no debe este tribunal resolver en definitiva el
pleito, sino devolverlo a la dicha corte de distrito para ulteriores procedimientos no inconsistentes con esta opinión.   Y
así se acuerda.

> *Revocada la sentencia recurrida y devuelto el*
> *caso para ulteriores procedimientos.*

Jueces concurrentes: Sres. Presidente Hernández y Asociados Wolf, Aldrey y Hutchison.